## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

LAURITA PULLMAN, Individually, as a Wrongful Death Beneficiary, and as Personal Representative of the Estate of JOHN STEELE, III, Her Deceased Son
929 Almshouse Road
Camden Wyoming, DE 19934
  and

ALEXANDRA STEELE, Individually, as a Wrongful Death Beneficiary of JOHN STEELE, III, Her Deceased Father
1286 Lake Forest Drive
Davidsonville. MD 21035

  and

TRICIA STEELE, Individually, as a Wrongful Death Beneficiary of JOHN STEELE, III, Her Deceased Husband, and as Parent and Next Friend of J.S., Minor Child and Wrongful Death Beneficiary of JOHN STEELE III, Her Deceased Father
1286 Lake Forest Drive
Davidson, MD 21035

Case No. CAL22-14640

Plaintiffs,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

<u>Serve:</u> General Counsel of the
       Washington Metropolitan
       Area Transit Authority
       600 5th Street, NW
       Washington, DC 20001

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

    **Defendant.**      :

## COMPLAINT
### (Automobile Collision: Negligence)

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Article § 6-103 et. seq.

2. Venue is appropriate in this Court because the acts or omissions in question occurred in Prince George's County.

### PARTIES

3. Plaintiff Laurita Pullman ("L. Pullman") is the duly appointed Personal Representative of the Estate of John Steele, III, her deceased son ("Decedent" or "Mr. Steele").

4. L. Pullman is an adult citizen of the State of Delaware and the mother of Decedent.

5. L. Pullman is bringing this claim individually, as a wrongful death beneficiary, and as personal representative of the estate of Decedent.

6. Plaintiff Alexandra Steele ("A. Steele") is an adult citizen of the State of Maryland and the daughter of Decedent.

7. A. Steele is bringing this claim individually, as a wrongful death beneficiary.

8. Plaintiff Tricia Steele ("T. Steele") is an adult citizen of the State of Maryland, and is the wife of Decedent.

9. T. Steele and Decedent share a minor daughter, J.S.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

10. T. Steele is bringing this claim individually, as a wrongful death beneficiary, and as parent and next friend of J.S., also a wrongful death beneficiary.

11. Defendant Washington Metropolitan Aera Transit Authority ("WMATA") is a tri-jurisdictional quasi-governmental agency authorized to operate and operating transit services in the State of Maryland.

12. At all times relevant, Defendant WMATA was the owner of a New Flyer bus (the "WMATA Bus"), license plate number DC B49773.

13. Darby Douglas, III was at all times relevant an employee/agent of Defendant WMATA and was the operator of the WMATA Bus at the time of the collision described herein.

14. Mr. Douglas was operating the WMATA Bus within the course and scope of his employment with Defendant WMATA on April 30, 2021.

15. Defendant WMATA is vicariously liable for the tortious acts and/or omissions committed by Mr. Douglas, which directly caused serious injuries that resulted in the death of Decedent.

## FACTS

16. On April 30, 2021, at approximately 3:00 p.m., Decedent was riding his motorcycle eastbound on Ellin Road, near its intersection with Hanson Oaks Drive, in Prince George's County, Maryland.

17. Decedent was wearing a helmet.

18. At the same time and place, Mr. Douglas was operating the WMATA Bus westbound on Ellin Road.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

19. Suddenly and without warning, Mr. Douglas attempted to make a left turn into the New Carrollton Metro Station, directly in front of Decedent.

20. Mr. Douglas failed to yield to oncoming traffic.

21. Decedent attempted to brake but did not have enough room to stop, and as a result, the WMATA Bus violently collided with Decedent.

22. Decedent sustained severe injuries and was transported via ambulance to Prince George's Hospital, where he was admitted to the emergency department for treatment.

23. Despite undergoing numerous life-saving measures, Decedent succumbed to his injuries and was pronounced dead at Prince George's Hospital at approximately 3:37 p.m.

24. Responding Prince George's County Police Department Officers noted that Mr. Douglas' failure to give full time and attention and failure to yield the right of way contributed to and caused the collision.

25. As a direct result of the collision, Decedent suffered numerous severe injuries that caused his death, including, but not limited to, diffuse subarachnoid hemorrhage, atlanto-occiptal and C1-C2 fracture/dislocation, hyoid bone and thyroid cartilage fracture with thyroid gland contusion; multiple rib fractures; sternum fracture; bilateral hemothoraces; bilateral lung contusions; heart contusion; L1-L2 fracture/dislocation; left hemidiaphragm laceration; hemoperitoneum; pulpified spleen; transection of left renal artery/vein and splenic artery/vein; extensive retroperitoneal hemorrhage; left femur fracture; and numerous lacerations, abrasions, and contusions.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT I
### (Negligence; Wrongful Death)

26. Plaintiffs incorporate by reference the foregoing paragraphs and further allege that at all times relevant herein, Mr. Douglas owed Decedent a duty to operate the WMATA Bus with reasonable care and in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in existence.

27. Mr. Douglas breached the duty owed to Decedent and was negligent in the following ways:

   a. failing to yield the right of way to oncoming traffic before attempting a left turn;

   b. failing to safely make a left turn;

   c. failing to exercise due care to avoid colliding with oncoming traffic;

   d. failing to pay full time and attention to the operation of his vehicle;

   e. failing to keep a proper lookout under the conditions;

   f. driving while distracted;

   g. failing to maintain proper control of his vehicle;

   h. failing to operate his vehicle at a safe speed under the conditions;

   i. failing to timely apply brakes or otherwise take appropriate actions to avoid or minimize the effects of the collision; and

   j. in otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

28. As a direct result of Mr. Douglas' negligence, Decedent suffered the injuries and damages set forth above and lost his life.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

29.   As a further direct result of Mr. Douglas' negligence, Plaintiffs suffered economic losses, including without limitation funeral and burial expenses, and the anticipated future earnings of Decedent.

30.   As a further direct result of Mr. Douglas' negligence, Plaintiffs suffered mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, attention, advice, counsel, training, guidance, and education.

31.   As a further direct result of Mr. Douglas' negligence, Plaintiff L. Pullman suffered loss of filial care.

32.   As a further direct result of Mr. Douglas' negligence, Plaintiffs Alexandra Steele, who was minor at the time of her father's death, and J.S., a minor, additionally suffered loss of parental care.

33.   As a further direct result of Mr. Douglas' negligence, Plaintiff Tricia Steele additionally suffered loss of marital care and consortium.

34.   At the time of the negligence described herein, Mr. Douglas was acting within the course and scope of his employment with Defendant WMATA, was a permissible user of the WMATA Bus owned by Defendant WMATA, and was acting as an agent of Defendant WMATA by furthering its business interest; accordingly, Defendant WMATA is liable for Mr. Douglas' negligence under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs, in their individual and representative capacities, demand judgment against Defendant in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), plus interest, fees, and costs.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT II
### (Survival Action)

35. Plaintiffs incorporate the foregoing paragraphs by reference and further allege that Decedent's right of action for negligence against Defendant survives in favor of Plaintiff L. Pullman, as Personal Representative of the Estate of John Steele, III, her deceased son.

36. As a direct result of Mr. Douglas' negligence, Decedent suffered severe physical pain and emotional anguish in the minutes preceding his death, and his estate has suffered additional damages, including but not limited to, the medical expenses incurred in an effort to save Decedent's life and the loss of Decedent's future earnings.

37. At the time of the negligence described herein, Mr. Douglas was acting within the course and scope of his employment with Defendant WMATA, was a permissible user of the WMATA Bus owned by Defendant WMATA, and was acting as an agent of Defendant WMATA by furthering its business interest; accordingly, Defendant WMATA is liable for Mr. Douglas' negligence under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff L. Pullman, in her individual and representative capacities, demands judgment against Defendant in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), plus interest, fees, and costs.

### JURY TRIAL DEMAND

Plaintiffs request a jury trial on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -

By: _____
Salvatore J. Zambri 9306230390
szambri@reganfirm.com
Emily C. Lagan 1906190053
elagan@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
Fx: (202) 463-0667
*Counsel for Plaintiffs*